# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :

: **CRIMINAL NO. 3:18-282**

**v.**

: **(JUDGE MANNION)**

**STEPHANI TAYLOR,**

:

**Defendant**

:

## ORDER

Based on the court's memorandum issued this same day, **IT IS HEREBY ORDERED THAT**:

**(1)** The defendant Stephani Taylor's letter Motion for Immediate Release to Home Confinement, **(Doc. 80)**, is construed as an emergency petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.

**(2)** The clerk of court is directed to docket Taylor's Doc. 80 motion as a §2241 habeas petition and to assign it a separate civil number. Due to the immediate request for relief sought, the clerk of court is directed forgo the thirty-day administrative order requiring Taylor to pay the filing fee for a habeas petition, as that can be addressed in the proper jurisdictional court.

**(3)** The clerk of court is then directed to forthwith transfer Taylor's habeas petition to the U.S. District Court for the Northern District of West Virginia.

**(4)** To the extent Taylor's Doc. 80 motion could be alternatively construed as a motion for compassionate release, it is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction since she has failed to comply with §3582(c)(1)(A)'s exhaustion requirement.

**(5)** To the extent Taylor's Doc. 80 motion could be alternatively construed as a motion for immediate release to home confinement under the CARES Act, it is **DISMISSED** since the court lacks authority to grant such relief under the Act.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 30, 2020**
18-282-01-Order